Ex parte Elvira Juana Manuela Joaquina García Fernández, Petitioner and Appellee; Josefa Aguayo Casals, Intervener and Appellant.

No. 5812. Argued June 17, 1932.—Decided November 9, 1932.

Tous Soto & Zapater for appellant. Guerra-Mondragón & Soldevila for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an appeal taken from a judgment rendered by the District Court of Ponce in a proceeding for declaration of heirship.

The transcript of the record consists of the following documents: Petition of Elvira Juana Manuela Joaquina García Fernández for declaration of heirship, motion for intervention filed by Graciela García y Aguayo and Josefa Aguayo Casals, statement of the case and opinion of the district court, judgment of the court, and a notice of appeal filed by intervener. Then there appears a copy of the state-

ment of the case which, insofar as pertinent for the pur-..
pose of this opinion, reads as follows:

"*       *       *       *       *       *       *

"A trial having been had, the Court rendered judgment on June
8, 1931.

"From the evidence submitted by the petitioner and the admis-
sions made by the intervener it is shown:

"That Juan García Villarraza, dentist, born in Málaga, Province
of Andalucía, Spain, was joined in first wedlock to Manuela Fernán-
dez, of Havana, by whom he had a legitimate daughter who is the
petitioner in this case, Elvira García Fernández.

"That on November 29, 1891, after the death of his first wife,
Juan García Villarraza was joined in second wedlock at Ponce, Puerto
Rico, to Josefa Aguayo Casals, of Ponce, Puerto Rico, by whom he
had a legitimate daughter named Graciela García Aguayo.

"That while domiciled in Ponce, Puerto Rico, and having prop-
erty there, and being still married to Josefa Aguayo Casals, Juan
García Villarraza died intestate in April, 1899, in the city of Pará,
Brazil, where has was temporarily residing at that time.

"*       *       *       *       *       *       * * "

At the foot of the statement of the case there appears
an oath to the effect that a copy of the same has been sent
by mail to the attorney for the petitioner, and then the
following entry:

"APPROVAL OF STATEMENT OF THE CASE: This case came on to
be heard upon the motion for approval of the statement of the case,
attorney Fernando Zapater appearing for respondent Josefa Aguayo
Casals. Petitioner failed to appear notwithstanding the fact that
her attorneys González Fagundo and González Jr. were notified.
The Court approves the Statement of the Case. (From the Minute
Book, No. 16, first chamber, session of July 28, 1931, Hon. Judge
Todd Jr. presiding.) Copy sent to attorneys González Fagundo and
González Jr., Humacao, and José Tous Soto and Zapater, Ponce.—
Attest: E. Gotay Purcell, Clerk, by E. Cornier.—Deputy Clerk."

The document ends with a certificate of its correctness
issued by the attorneys for the moving party and the re-
spondent.

Appellee in her brief raises the following:

"PRELIMINARY QUESTION.—In this appeal there is no evidence that may be considered inasmuch as the statement of the case filed in the district court, when included in the record on appeal brought to this Hon. Court, did not contain the corresponding certificate of approval nor did it even contain the signature of the judge who heard the case. In order that the statement of the case may be valid and effective it is necessary that the magistrate before whom the trial was held shall have approved the same over his signature. As these requisites are lacking in this appeal, this Hon. Court is precluded from considering the evidence submitted to the lower court. Section 216 of the Code of Civil Procedure.—*Rubio* v. *Charvounier*, 20 P. R. R. 299.—*Orama* v. *Oyanguren*, 19 P.R.R. 294.—*Axtmayer* v. *Ortiz*, 19 P.R.R. 476.—*Calaf* v. *Calaf* 16 P.R.R. 811.—*Estate of Blondet et al.* v. *Fantauzzi Hermanos*, 14 P.R.R. 302."

We think that the appellant is right. Section 299 of the Code of Civil Procedure, as amended in 1911 (Comp. Stat. 1911, p. 902), very definitely provides that, upon giving his approval, "the judge shall certify at the foot of said statement the contents thereof, as approved by him, and in such form it shall become a part of the judgment roll." Said section also provides that the record on appeal shall be constituted by "the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal."

From the certificate of the attorneys in this case there appears only what is said in the Minute Book with respect to the approval. It does not appear that the judge had certified the statement or that the latter, thus authenticated, had become a part of the judgment roll. From the portion of the statement of the case which we have already transcribed it appears that evidence was taken, and that, based thereon and on the admissions of the intervener and of the petitioner, the judgment appealed from was rendered. Such being the case, there is no basis for entering into a consideration and decision of the appeal, which therefore should be dismissed.